FREEDMAN + TAITELMAN, LLP
Jesse Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
September Rea, Esq. (SBN: 261121)
srea@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel.:  (310) 201-0005
Fax:  (310) 201-0045

Attorneys for Plaintiffs and Counter-Defendants
Kasem Cares, Inc., and Kerri Kasem

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEM CARES, INC., a California non-profit public benefit corporation; and KERRI KASEM, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CAMERON GLENAR, an individual; ROSE STREET PRODUCTIONS, LLC, a California limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 8:16:CV-02033-JVS-DFM <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER** |
| CAMERON GLENAR, an individual; ROSE STREET PRODUCTIONS, LLC, a California limited liability company; and DOES 1 through 10, inclusive, <br><br> Counter-claimants, <br><br> vs. <br><br> KASEM CARES, INC., a California non-profit public benefit corporation; and KERRI KASEM, an individual; and ROES 1- 25, inclusive, <br><br> Counter-Defendants. | Hearing date:   March 13, 2017 <br> Time:  1:30 p.m. <br> Courtroom:  10C <br> Judge:  Honorable James V. Selna <br><br><br> Complaint Filed: November 09, 2016 <br> Trial Date: TBD |

1   PLEASE TAKE NOTICE THAT plaintiffs Kasem Cares, Inc., and Kerri

2   Kasem (collectively, "Plaintiffs") will move this honorable Court on March 13,

3   2017, at 1:30 p.m., in Courtroom 16 at the United States District Court for the

4   Central District of California, located at 411 West Fourth Street, Santa Ana,

5   California 92701, before the Honorable James V. Selna, for an order striking

6   certain affirmatives defenses in defendants Cameron Glenar's and Rose Street

7   Productions, LLC's (collectively, "Defendants") Amended Answer pursuant to

8   Federal Rules of Civil Procedure, Rule 12(f).

9   Specifically, Plaintiffs seek to strike the following affirmative defenses on

10  the basis that they fail to allege sufficient or plausible facts, and/or because they

11  simply do not apply to the claims asserted: (1) second affirmative defense of

12  unclean hands; (2) ninth affirmative defense of statute of limitations; (3) eleventh

13  affirmative defense of fraud, duress and undue influence; (4) twelfth affirmative

14  defense of independent creation; and (5) fourteenth affirmative defense of failure

15  to mitigate damages.

16  Plaintiffs also seek to strike the sixth, tenth, eleventh, twelfth and thirteenth

17  affirmative defenses on the basis that they are not actual affirmative defenses.

18  While not entirely clear, they simply seem to deny or seek to disprove Plaintiffs'

19  claims and should be stricken

20  This motion is made following the conference of counsel pursuant to L.R. 7-

21  3 which took place on January 3, 2017, and again on January 13, 2017.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1          Plaintiffs' motion is based on this Notice of Motion and the accompanying

2    Memorandum of Points and Authorities, the pleading in this case, and such

3    additional submissions and argument, including any reply briefing, as may be

4    presented at or before the hearing on this motion.

5

6    Dated:  January 30, 2017                    FREEDMAN + TAITELMAN, LLP

7

8                                   By: _____/s/_____

9                                      Jesse A. Kaplan

                                Attorneys for Plaintiffs and Counter-

10                                   Defendants Kasem Cares, Inc., and

                                Kerri Kasem

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Many of the affirmative defenses asserted in Defendants' Amended Answer are inadequately pled, do not apply, or are simply not affirmative defenses that are proper for an answer. In particular, Defendants have not provided sufficient factual detail to support most of their affirmative defenses under the pleading standards set out in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). Accordingly, these affirmative defenses should stricken under Federal Rules of Civil Procedure, Rule 12(f).

## II. BACKGROUND

This action involves a dispute concerning the production of a low budget documentary film about the growing problem of elder abuse and isolation of seniors across America (the "Documentary"). At least in part, the Documentary would tell the story of plaintiff Kerri Kasem and her struggles to locate her ailing father Casey Kasem, and her advocacy efforts since then.

Kerri Kasem, who is the daughter of Casey Kasem, is a multimedia personality, producer and writer. (FAC, ¶ 16). She is also an outspoken advocate of visitation rights and elder abuse awareness. (FAC, ¶¶ 17-18). In 2015, Kasem helped found Kasem Cares, Inc. ("Kasem Cares"), a charitable organization, to help combat elder abuse. (FAC, ¶ 19). Defendant Glenar and his wife became involved in Kasem Cares and Kasem's charge against elder abuse. (FAC, ¶ 24).

In 2015, Glenar approached Kasem and Kasem Cares about partnering to jointly produce the Documentary. (FAC, ¶¶ 25-29). In the fall of 2015, Glenar (and his new production company Rose Street), Kasem and Kasem Cares agreed to jointly produce and market the Documentary. (FAC, ¶ 30). They further agreed on the common goal of using the completed Documentary to raise awareness concerning elder abuse, and in turn, increase charitable donations to Kasem Cares.

1

MOTION TO STRIKE

1   (*Id.*).  While the parties understood that it was unlikely that the Documentary

2   would make any money, they agreed that at least half of any revenue from the

3   Documentary would be donated to Kasem Cares and used to further advance

4   Kasem Cares' goals.  (FAC, ¶ 31).

5        Production of the Documentary began in late 2015.  (FAC, ¶ 32).  Kasem

6   and Kasem Cares were integral to production from both a creative and financial

7   standpoint.  (FAC, ¶ 32).  Kasem was the Documentary's executive producer and,

8   among other things, developed, and produced the Documentary's creative content,

9   and secured creative content, in particular storylines and participants.  (FAC, ¶¶

10  33-39).   Kasem Cares and Kasem also provided Kasem's publicity rights in

11  connection with the Documentary and the promotion of the Documentary.  (*Id.*).

12  Kasem and Kasem Cares also promoted and sponsored the project, and engaged in

13  fundraising efforts directed at its supporters and others.  (*Id.*).   At one point,

14  Kasem Cares secured and pledged the financing that was desperately needed to

15  complete the Documentary's production, namely the more expensive

16  postproduction phase.  (*Id.*).

17       Despite the joint production of the Documentary, in approximately June

18  2016, Glenar and Rose Street abruptly and inexplicably refused to move forward

19  with production, and in a gross breach of their contractual and fiduciary

20  obligations, sought to exclude Kasem Cares and Kasem from the Documentary

21  project.  (FAC, ¶ 40).  Defendants told Kasem Cares that if it wanted the

22  Documentary "bad enough," Kasem Cares would have to purchase the

23  Documentary footage from Glenar.  (*Id.*).

24       In the First Amended Complaint, Plaintiffs assert, among others, a claim for

25  declaratory relief as to Copyright ownership to the Documentary and its footage.

26  (FAC, ¶¶ 41-48).  Plaintiffs also assert claims for breach of contract and breach of

27  fiduciary duty against Defendants based on their abrupt refusal to move forward

28  with the documentary and exclusion of Plaintiffs from the Documentary project.

1   (FAC, ¶¶ 49-66).  Alternatively, Plaintiffs assert claims for breach on a non-

2   exclusive license and for quantum meruit against Defendants. (FAC, ¶¶ 67-84).

3   **III.   MANY OF THE AMENDED ANSWER' AFFIRMATIVE DEFENSES**

4         **ARE INSUFFICIENTLY PLED**

5         Under Rule 12(f), a "court may strike from a pleading an insufficient

6   defense or any redundant, immaterial, impertinent, or scandalous matter."

7   "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case,

8   which deny plaintiff's right to recover, even if the allegations of the complaint are

9   true."  *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 U.S. Dist. LEXIS

10  104980, *5 (N.D. Cal. Sept. 23, 2010) internal quotation marks omitted).  A

11  defendant's affirmative defense(s) can be tested at the pleading stage through a

12  motion to strike.

13        While there is a split amongst district courts in the Ninth Circuit, many

14  courts apply the heightened pleading standards set forth in *Twombly and Iqbal* to

15  affirmative defenses.  *See Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist.

16  LEXIS 68711, *4 (N.D. Cal. 2012) ("While district courts have split on the issue,

17  most have found that the heightened pleading standard does apply to affirmative

18  defenses."); *Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634, *1 (N.D.

19  Cal. Aug. 22, 2011) ("[C]ourts in this district consistently have applied the

20  *Twombly—Iqbal* pleading standard to the pleading of affirmative defenses,

21  requiring a defendant to allege enough facts to state a claim to relief that is

22  plausible on its face."); *Taylor v. Stave, Inc.*, 2016 U.S. Dist. LEXIS 158773, *3-4

23  (C.D. Cal. Jan. 4, 2016); *Murphy v. Trader Joe's*, 2017 U.S. Dist. LEXIS 7754, *3-

24  6 (N.D. Cal. Jan. 19, 2017); *Perez v. Wells Fargo & Co.*, 2015 U.S. Dist. LEXIS

25  126119, *3 (N.D. Cal. Sept. 21, 2015) ("Defendants' citation to the *Kohler*

26  decision is unpersuasive, as the Ninth Circuit did not specifically hold in that case

27  that the *Twombly/Iqbal* standard does not apply to the pleading of affirmative

28  defenses."); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718

1    F.Supp.2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the

2    same principles applied to pleadings claims [in *Twombly* and *Iqbal*] should not

3    apply to the pleadings of affirmative defenses, which are also governed by Rule

4    8.").

5           The *Twombly/Iqbal* standard requires a defendant plead "sufficient facts and

6    law" to show a defense is plausible on its face. *CTF Dev., Inc. v. Penta Hosp.,*

7    *LLC*, 2009 U.S. Dist. LEXIS 99538, *8 (N.D. Cal. Oct. 26, 2009); *Gibson Brands,*

8    *Inc. v. John Hornby Skewes & Co.*, 2014 U.S. Dist. LEXIS 117623, *4 (C.D. Cal.

9    Aug. 22, 2014); *Wine Group LLC, v. L. and R. Wine Company*, 2011 U.S. Dist.

10   LEXIS 5765, *2 (E.D. Cal. Jan. 14, 2011) ("Because the heightened pleading

11   standard now applies, an affirmative defense must be plausible on its face.").

12   Indeed, "[w]here an affirmative defense simply states a legal conclusion or theory

13   without the support of facts explaining how it connects to the instant case, it is

14   insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*,

15   2009 U.S. Dist. LEXIS 43350, *2 (N.D. Cal. May 8, 2009); *Miller v. Ghirardelli*

16   *Chocolate Co.*, 2013 U.S. Dist. LEXIS 86417, *3 (N.D. Cal. June 19, 2013). This

17   pleading standard "serves to weed out the boilerplate listing of affirmative defenses

18   which is commonplace in most defendant's pleadings." *Gibson Brands*, LEXIS

19   117623 at*4 (internal quotation marks omitted).

20          As will be in discussed in more detail, many of Defendants' affirmative

21   defenses are either completely conclusory, and/or fail to allege any facts, let alone

22   plausible facts. Some affirmative defenses are simply inapplicable to the claims

23   asserted in the First Amended Complaint. Some are not even affirmative defenses.

24   **A.     Unclean Hands (Second Affirmative Defense).**

25          Defendants' second affirmative defense of unclean hands is insufficiently

26   pled in that it is completely conclusory and lacks any facts. Simply put,

27   Defendants have failed to allege any wrongful conduct by Plaintiffs that would

28   somehow have permitted Defendants to exclude Plaintiffs from the Documentary

1  project in violation of both their fiduciary and contractual obligations to Plaintiffs.

2  Certainly, Defendants have failed to allege facts that would somehow vitiate

3  Plaintiffs Copyright interest in the documentary.

4      Generally, "[t]he doctrine of unclean hands requires unconscionable, bad

5  faith or inequitable conduct by the plaintiff in connection with the matter in

6  controversy." *Escriba v. Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1169 (E.D.

7  Cal. 2011). "Unclean hands applies when it would be inequitable to provide the

8  plaintiff any relief, and provides a complete defense to both legal and equitable

9  causes of action," and whether the defense applies depends on the nature of the

10  misconduct and the relationship of that misconduct to the claimed damage. *Id.*

11  The unclean hands defense, however, is sparingly used. *See Estates of Collins &*

12  *Flowers*, 205 Cal.App.4th 1238, 1241 (2012) ("The 'unclean hands' doctrine is

13  often invoked but rarely applicable.").

14      The defense does not apply in every instance where the plaintiff has engaged

15  in some misconduct, but applies "only where it would be inequitable to grant the

16  plaintiff any relief." *O'Flaherty v. Belgum*, 115 Cal.App.4th 1044, 1099 (2004).

17  The misconduct must "prejudicially affect" the rights of the person against whom

18  the relief is sought so that it would be inequitable to grant such relief. *Kendall-*

19  *Jackson Winery, Ltd. v. Superior Court*, 76 Cal.App.4th 970, 979 (1999); *Jade*

20  *Fashion & Co., Inc. v. Harkham Industries, Inc.*, 229 Cal.App.4th 635, 653-655

21  (2014). Moreover, the plaintiff's alleged misconduct must directly relate to

22  plaintiff's claimed injuries so that it would be inequitable to grant the requested

23  relief. *See Mattco Forge, Inc. v. Arthur Young & Co.*, 52 Cal.App.4th 820, 846

24  (1997); *Kendall-Jackson Winery*, 76 Cal.App.4th at 979. The unclean hands

25  defense applies when a plaintiff has acted unconscionably, in bad faith, or

26  inequitably in connection with the transaction at issue. *See Lynn v. Duckel*, 46

27  Cal.2d 845, 850 (1956); *General Elec. Co. v. Superior Court*, 45 Cal.2d 897, 899–

28  900 (1955).

1    Here, Defendants' Amended Answer cryptically contends that Plaintiffs

2    "agreed and consented to the actions of [Defendants] as regards the documentary,

3    and then sought to unlawfully deprive [Defendants] of the documentary footage,

4    without compensation." (FAA, 15:2-6).  Based on these sparse allegations, it is

5    completely unclear what Defendants are alleging Plaintiffs did wrong.  At best,

6    these are mere conclusions without any facts.

7    How did Plaintiffs seek to "unlawfully deprive" Defendants of the

8    documentary footage?  What exactly did Plaintiffs do?  Even assuming that

9    Plaintiffs sought to deprive Defendants of the Documentary footage, whatever that

10   means, it is unclear why Defendants would therefore be permitted to exclude

11   Plaintiffs from the Documentary project along with the rights that flowed from that

12   project.

13   **B.    Statute of Limitations (Ninth Affirmative Defense).**

14   Defendants' ninth affirmative defense of statute of limitations is also

15   inadequately pled.  *See Murphy*, LEXIS 7754, at *8-9 (striking statute of

16   limitations defense where defendant failed to allege any supporting facts, identify

17   the applicable statute of limitations that she relied on, or any applicable dates);

18   *Solis*, LEXIS 43350 at *4 ("Defendants have failed to adequately plead the

19   applicable statutes of limitations upon which they rely").  At a minimum, a

20   defendant "should delineate the causes of actions' statutes of limitations and the

21   facts that give rise to Defendant's theory that such statutes of limitations were not

22   met in this case, such as when the limitation period began running, according to

23   Defendant." *O'Hanlon v. J.P. Morgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS

24   23986, *7-8 (C.D. Cal. Feb. 25, 2016).

25   Here, the Amended Answer's allegations are completely conclusory and

26   devoid of any facts or analysis.  (FAA, 16:25-17:4).  Defendants merely claim that

27   all of Plaintiffs' claims are barred by the statute of limitations.  (*Id.*).  Defendants

28   fail to even identify any particular statute, limitation period or dates when the

1    applicable limitation period had elapsed.  In fact, the FAA essentially

2    acknowledges the absence of any facts, indicating that Defendants simply want to

3    "preserve" the defense.  (*Id.*).  Defendants, however, are not permitted to assert

4    affirmative defenses as mere placeholders.  These allegations are insufficient even

5    under the more liberal fair notice pleading standard.  Certainly, these allegations

6    fail to satisfy the factual plausibility pleading standard under *Twombly* and *Iqbal*.

### C.    Independent Creation (Twelfth Affirmative Defense).

8    Defendants' Twelfth affirmative defense of independent creation fails for at

9    least two reasons: (1) it does not apply to Plaintiffs' claims; and (2) it lacks

10   sufficient factual allegations.

11   An independent creation defense is inapplicable to the claims asserted by

12   Plaintiffs.  Under Rule 12(f), "[a] defense that would not, under the facts alleged,

13   constitute a valid defense to the action can and should be deleted." *Nevada Fair*

14   *Housing Center, Inc. v. Clark County*, 565 F.Supp.2d 1178, 1187 (D. Nev. 2008).

15   Independent or prior creation defenses are defenses to Copyright infringement

16   claims, in particular idea submission cases.   In simply terms, a Copyright

17   infringement defendant may assert that it did not use the plaintiff's protectable

18   copyrighted idea; rather it independently and/or previously created a (perhaps

19   similar) idea that was used in the allegedly infringing work.  *See Christian v.*

20   *Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002) (affirming summary judgment in

21   light of evidence of prior creation); *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 5 (1st

22   Cir. 1996) ("prior creation renders any conclusion of access or inference of

23   copying illogical"); *Selmon v. Hasbro Bradley, Inc.*, 669 F.Supp. 1267, 1271 (2d

24   Cir. 1987) ("[I]f access is gained following a project's completion, access becomes

25   irrelevant."); *Cottrill v. Spears*, 87 Fed.Appx. 803, 806 (3d Cir. 2004) ("If the only

26   opportunity to view plaintiffs' work occurs after defendants have completed their

27   own work, then there can be no opportunity to copy the work, and thus no access

28   for purposes of copyright law.").

1    Here, Plaintiff does not assert a claim for Copyright infringement against
2    Defendants.  It is unclear how such a defense could even apply.  Moreover, even if
3    applicable, Defendants fail to allege facts supporting independent creation.

4    **D.    Failure to Mitigate (Fourteenth Affirmative Defense).**

5    In conclusory form, Defendants' fourteenth affirmative defense merely
6    states that Plaintiffs failed or refused to mitigate damages.  Absent from the
7    Amended Answer is even a general discussion as to what Plaintiffs should have
8    done differently.  Accordingly, this affirmative defense should be stricken.

9    **E.    Fraud, Duress and Undue Influence (Eleventh Affirmative**
10        **Defense).**

11    As discussed, Plaintiffs allege an agreement to jointly produce and market
12    the Documentary.  Defendants' eleventh Affirmative Defense inexplicably alleges
13    that any agreement giving Plaintiffs an ownership interest in the Documentary
14    footage would be barred on the basis that such agreement was procured through
15    fraud, duress and/or undue influence.  (Amended Answer, 17:11-22).  Again,
16    Defendants allegations are insufficient.

17    First, Defendants allegations of duress or undue influence are complete
18    conclusory.  Defendants have failed to include any facts, plausible or otherwise, as
19    to how the agreement was procured through duress or undue influence.

20    Second, Defendants' fraud affirmative defense also fails to comply with Fed.
21    R. Civ. P. 9(b)'s ("Rule 9(b)") specificity requirements.  In fact, as pled, this fraud
22    defense does not even make sense.  Fraud claims must meet a heightened pleading
23    standard under Rule 9(b), which requires a party to state with particularity the
24    circumstances constituting fraud.  A party must plead with particularity "the who,
25    what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy*
26    *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks
27    omitted). Rule 9(b) requires that when fraud is alleged, the circumstances
28    constituting the alleged fraud be specific enough to give defendants notice of the

1  particular misconduct so that they can defend against the charge and not just deny

2  that they have done anything wrong." *Id.* at 1108; *see also Frenzel v. AliphCom*, 76

3  F.Supp.3d 999, 1005 (N.D. Cal. 2014) ("[A] plaintiff must identify 'the time, place,

4  and content of [the] alleged misrepresentation[s],' as well as the 'circumstances

5  indicating falseness' or 'manner in which the representations at issue were false

6  and misleading.'").

7      Here, Defendants allege two facts:   Defendants claim that some unspecified

8  time or place, Kasem stated that Kasem Cares "did not want and were not seeking

9  an interest in the documentary footage …" (Amended Answer, 17:11-22).

10  Defendants further claim that at some unspecified time and place, Kasem Cares

11  board member Troy Martin represented that a separate Video Rights Agreement

12  "was a means to protect Kasem Cares and its officers' image in the final product,"

13  and that in August 2016 (well after Defendants excluded Plaintiffs from the

14  Documentary), allegedly falsely claimed that this Video Rights Agreement

15  provided Kasem Cares with an ownership interest in the footage. (*Id.*).  These

16  allegations certainly lack the when and where.

17      More importantly, Defendants fail to allege how these statements, assuming

18  they were false, fraudulently induced Defendants to enter into the agreement

19  alleged in the Complaint.  In particular, how did Defendants rely on Plaintiffs'

20  alleged statements in deciding to enter into an agreement alleged in the Complaint,

21  namely an agreement whereby that they agreed to jointly produce and market the

22  Documentary?  Simply put, how ere Defendants misled into entering into the

23  agreement that they ultimately breached?  If anything, Defendants' fraud

24  allegations are non-sequiturs.  That is, there is no connection between Plaintiffs'

25  alleged statements and Defendants' reliance on those statements to enter into the

26  joint venture agreement.  Accordingly, this affirmative defense should be stricken.

27      **F.**    <u>**Defenses That Are Not Affirmative Defenses (Sixth, Tenth,**</u>

28            <u>**Eleventh, Twelfth, Thirteenth, Affirmative Defenses).**</u>

1     Again, "[a]ffirmative defenses plead matters extraneous to the plaintiff's

2  prima facie case, which deny plaintiff's right to recover, even if the allegations of

3  the complaint are true." *J & J Sports Prods., Inc. v. Mendoza-Govan*, 2011 U.S.

4  Dist. LEXIS 47075, *3 (N.D. Cal. Apr. 25, 2011). "In contrast, denials of the

5  allegations in the Complaint or allegations that the Plaintiff cannot prove the

6  elements of his claims are not affirmative defenses." *Id.*

7     Therefore, defenses that simply deny or seek to disprove Plaintiffs' claims

8  are not affirmative defenses and should be stricken.  In particular, Defendants'

9  sixth (unjust enrichment), tenth (lack/failure of consideration), eleventh (there was

10 no agreement), twelfth (independent creation), and thirteenth, affirmative defenses

11 (Defendants hold all rights to documentary footage) are not affirmative defenses.

12 Rather, Defendants are simply denying the existence of either Plaintiff's Copyright

13 interest in the Documentary or the existence of Plaintiffs' contractual rights to the

14 Documentary.

15 **IV.    CONCLUSION**

16     Pursuant to Rule 12(f), Plaintiffs respectfully request that the Court strike

17 the affirmative defenses in question.

18

19 Dated:  January 30, 2017          FREEDMAN + TAITELMAN, LLP

20

21                                  By: _____/s/_____

22                                       Jesse A. Kaplan
                                         Attorneys for Plaintiffs and Counter-
23                                       Defendants Kasem Cares, Inc., and
                                         Kerri Kasem

24

25

26

27

28

MOTION TO STRIKE